**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00074-RJC-DSC**

| | | |
|---|---|---|
| **DARAMIC, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **MICROPOROUS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

     **THIS MATTER** is before the Court on "Microporous, LLC's Motion to Dismiss the First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)" (document #32), "Microporous, LLC's Alternative Motion to Stay the Proceedings Pending Arbitration" (document #40) and "Plaintiff's Motion for Leave to Take Early Discovery and for an Extension of Time to Respond to Defendant's Motion to Dismiss" (document #42).

     A plaintiff bears the burden of proving by a preponderance of the evidence that the Court has personal jurisdiction over a defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir.2005). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir.1989). District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). Where the issue of personal jurisdiction is disputed, the Court may order discovery directed at jurisdictional issues alone. See e.g., SAS

Institute Inc. v. World Programming Ltd., No. 5:10-cv-25-FL, 2011 WL 1059139, at \*5-\*7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting that such discovery typically should be allowed "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery)); 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions, LLC v. Giannasca New Orleans, LLC, No. WDQ-09-2651, 2010 WL 889551 at \*7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that Plaintiff is entitled to conduct limited jurisdictional discovery as outlined below. The jurisdictional facts are disputed here and should be clarified with limited discovery. Accordingly, the Court will deny administratively Defendant's Motion to Dismiss and Motion to Stay the Proceedings Pending Arbitration without prejudice to its right to renew those Motions following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1.  The parties shall conduct limited jurisdictional discovery to be completed by January 22, 2018.  Discovery shall be confined to personal jurisdiction and venue issues raised in Microporous's Motion to Dismiss.  Daramic may serve up to six (6) interrogatories, ten (10) requests for production and take up to three (3) depositions.

2.  Microporous, LLC's Motion to Dismiss the First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)" (document #32) is **DENIED ADMINISTRATIVELY WITHOUT PREJUDICE** to its right to renew the Motion following completion of jurisdictional discovery.

3.  "Microporous, LLC's Alternative Motion to Stay the Proceedings Pending Arbitration" (document #40) is **DENIED ADMINISTRATIVELY WITHOUT PREJUDICE** to its right to renew the Motion following completion of jurisdictional discovery.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: November 27, 2017

David S. Cayer
United States Magistrate Judge